**In the Matter of James Paul KENNEDY, Debtor.**

**Bankruptcy No. BK95–80307.**

United States Bankruptcy Court,
D. Nebraska.

May 2, 1995.

Mark A. Johnson, Norfolk, NE, for debtor James Paul Kennedy.

James B. Cavanagh, Omaha, NE, for First Nebraska Bank of Stanton, Neb.

*MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Motion for Relief From the Automatic Stay by the First Nebraska Bank of Stanton, Nebraska, (the "Bank"), and the Resistance by the debtor. This case involves successive bankruptcy filings, and the automatic stay is lifted.

## FINDINGS OF FACT

The debtor previously filed Chapter 12 bankruptcy in Nebraska on July 30, 1992 (BK92–81355). This predecessor case was dismissed on November 7, 1994, by Bankruptcy Judge Mahoney. In his dismissal order, Judge Mahoney denied confirmation of the proposed plan of reorganization, stating:

> The debtor has had three opportunities to present evidence in support of confirmation of a plan. The debtor has failed to present evidence on any occasion that he had the necessary financing available to put in place a hog operation which would generate sufficient funds to meet his optimistic cash flow projections. The court finds as a fact that the debtor is unable to obtain confirmation of a plan which could meet his financial obligations at a reasonable interest rate over a reasonable amount of time. Therefore, this plan shall not only be denied confirmation but the debtor shall not be granted the opportunity to file another amended plan and this case shall be dismissed for cause.

Following dismissal of BK92–81355, the debtor filed a Motion to Alter or Amend Judgment or for Partial New Trial, which was denied by the bankruptcy court on January 25, 1995. On February 2, 1995, the debtor filed a Motion for Stay of Order Pending Appeal. This Motion was denied by the bankruptcy court on February 10, 1995, and the appeal was dismissed upon motion of the debtor on February 17, 1995. The order of the bankruptcy court dismissing the bankruptcy case then became final.

Subsequent to dismissal of the appeal, the Bank proceeded under state law and filed a Trust Deed Notice of Default on February 21, 1995. On the same date, which was four days after dismissal of the predecessor case, the debtor filed this Chapter 12 bankruptcy case. The Bank immediately filed a Motion for Relief from the Automatic Stay.

I conclude, as a finding of fact, that the debtor has substantially the same assets and creditors as in the predecessor Chapter 12 bankruptcy case. The only alleged change in circumstance since dismissal of the predecessor case is the possible granting of a loan to the debtor by the Bank of Norfolk. However, no firm loan commitment letter has been issued, and the loan is conditioned upon debtor demonstrating adequate cash flow to service the loan. Even if the loan is made, it will not reduce debtor's overall debt service because loan proceeds will be paid to another creditor. The fact that the new lender may have a different amortization schedule than the Bank is not a significant factor in this case.

## DISCUSSION

■ I conclude that cause exists to lift the automatic stay pursuant to § 362(d)(1). Under the facts and circumstances of this case, the refiling of bankruptcy within four days of dismissal of the predecessor case amounts to an impermissible collateral challenge to the orders of the bankruptcy court and an abuse of the bankruptcy process.

■ First, Bankruptcy Judge Mahoney's order dismissing the predecessor Chapter 12 bankruptcy is entitled to finality. Indeed, Bankruptcy Judge Mahoney's decision is *res judicata* as to the debtor's ability to reorganize under the circumstances existing at the time the order was entered. The debtor has identified no significant change in circumstances between the dismissal of the predecessor case and the commencement of this case. It would constitute an impermissible collateral challenge to Bankruptcy Judge Mahoney's order to permit the debtor to proceed in a serial Chapter 12 bankruptcy case *de novo*, within four days of dismissal of the predecessor case.

Second, the filing of this bankruptcy case constitutes an abuse of the judicial and bankruptcy process. By refiling bankruptcy, the debtor, in essence, obtained an injunction of

the Bank on an *ex parte* basis without approval of the court. Obtaining an injunction under § 362 is in contravention of dissolution of the injunction of § 362 upon dismissal of the predecessor case and of the order denying a stay pending appeal. Debtor's appropriate remedy was to exhaust appellate remedies.

Third, the plan of reorganization presently proposed by the debtor is substantially the same as the plan denied confirmation in the predecessor case. By filing this case with an essentially identical plan, I conclude that the debtor is not proceeding in good faith.

In resistance to the motion for relief, debtor's counsel asserts that the Bank is overcollateralized. Counsel for the debtor also asserts that during the pendency of the previous Chapter 12 case, payments were made to the Bank covering accrued interest, and therefore the claim of the Bank has not increased in amount. Finally, debtor's counsel asserts that any delay caused to the Bank has not harmed or impaired its position because adequate protection has been provided by the overcollateralization.

 I find these arguments unpersuasive. The fact that a creditor's interest in collateral may be adequately protected does not license a debtor to unreasonably delay the creditor from exercising its rights and remedies under state law. Although it is clear under the decision of the Supreme Court in *United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), that a secured creditor is not entitled to adequate protection for lost opportunity costs, such costs represent real economic damage and may be appropriately considered in determining whether relief from the stay should be granted. Under the Bankruptcy Code, unreasonable delay that is prejudicial to creditors is a basis for dismissal. 11 U.S.C. § 1208(c)(1) (1995). Dismissal of the case terminates the automatic stay. Therefore, I conclude that unreasonable delay prejudicial to creditors is appropriately considered grounds for relief from the automatic stay. Unreasonable delay is contrary to the policies of Chapter 12. Chapter 12 was designed to provide quick relief to both debtors and creditors. Prompt filing of Chapter 12 plans is required, as is a prompt confirmation hearing. 11 U.S.C. § 1221 and § 1224 (1995). In the predecessor bankruptcy case, the debtor was provided an extensive opportunity to reorganize and file a feasible plan of reorganization. Further delay is not warranted on the facts of this case.

IT IS THEREFORE ORDERED, that the Motion for Relief From the Automatic Stay by the First Nebraska Bank of Stanton, Nebraska (Fil. # 28) is granted. The First Nebraska Bank of Stanton, Nebraska is hereby granted relief from 11 U.S.C. § 362 to pursue its rights and remedies under applicable nonbankruptcy law, and to perform all acts necessary or incidental thereto.